IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| COMMONSPIRIT HEALTH | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| EMERGE CLINICAL SOLUTIONS, LLC | ) | |
| | ) | |
|     Defendant. | ) | |

**PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT AND REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

NOW COMES, Plaintiff, COMMONSPIRIT HEALTH ("Plaintiff"), by and through its attorneys, Polsinelli PC, and complains of Defendant EMERGE CLINICAL SOLUTIONS, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1. This is an emergency action for injunctive and declaratory relief. In particular, Plaintiff seeks a temporary restraining order, preliminary, and permanent injunctions requiring Defendant to comply with its contractual obligations to return or destroy certain confidential data, including Protected Health Information relating to third parties, and seeks corresponding declaratory relief.

**STATEMENT OF FACTS**

**A. PARTIES**

2. Plaintiff, CommonSpririt Health, is a national health care organization resulting from a Ministry Alignment Agreement between Catholic Health Initiatives and Dignity Health, a California nonprofit public benefit corporation. CommonSpirit Health is a Colorado non-profit corporation headquartered in Illinois.

3. Defendant, Emerge Clinical Solutions, LLC is a limited liability company organized under the laws of the State of Texas with its principal place of business at 3131 McKinney Ave, Dallas, TX 75204. Defendant may be served with process by serving its registered agent, Brian F. Feld, at 755 E Mulberry, Suite 200, San Antonio, Texas 78212.

**B. JURISDICTION AND VENUE**

4. This is a civil action for declaratory relief, injunction, and issuance of a temporary restraining order pursuant to the Federal Rules of Civil Procedure, including but not limited to F.R.Civ.P. 65, and the general legal and equitable powers of this Court.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the Health Insurance Portability and Accountability Act ("HIPAA") and its implementing regulations (the "HIPAA Regulations").

6. This Court has also jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 as the parties to this action are citizens of different states, and the matter in controversy will exceed $75,000.00, exclusive of interest and costs.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(1) because Defendant resides in this district.

**C. FACTUAL BACKGROUND**

8. Plaintiff is one of the largest not for profit healthcare systems in the nation. A significant component of Plaintiff's operations is the maintenance of electronic medical records for its patients at its various healthcare facilities.

9. As part of its pursuit to ensure that it properly maintained its patient's Protected Health Information ("PHI") within the meaning of HIPAA and the HIPAA Regulations, Plaintiff

entered into a Hosted Software and Services Agreement (the "Agreement") with Defendant, pursuant to which, it engaged Defendant for several projects. Plaintiff and Defendant entered into this agreement on or about November 15, 2021. A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

10. One such project was access to CharVault software emergency recovery of records from the Allscripts electronic health record ("EHR") program. In order to use the ChartVault software, Plaintiff directed Allscripts to transmit a database of records to Defendant for archival and processing.

11. Another such project was engagement of the Defendant to assist in data conversion of records in Kentucky from several legacy systems into a format readable by the Epic EHR system.

12. As part of the Agreement, Plaintiff and Defendant entered into Business Associate Agreement (the "BAA") that defined the Parties' obligations with respect to the protection of confidential, individually identifiable health information meeting the definition of PHI under HIPAA and the HIPAA regulations. The BAA defined Defendant as Plaintiff's "business associate" and subcontractor, authorized by Plaintiff to receive and utilize PHI on Plaintiff's behalf only while Defendant furnished services to Plaintiff. A true and correct copy of the BAA is attached hereto as **Exhibit B**.

13. The Agreement and the BAA expressly obligate Defendant, upon the earlier of termination of its contractual relationship with Plaintiff or upon Plaintiff's request, to return to Plaintiff or destroy all PHI received from Plaintiff or created or received on behalf of Plaintiff as its subcontractor. See Exhibit A, Sections 9.2 and 10.4; **Exhibit B**, Section 3(k).

87096857.4

14. At the end of September 2022, Plaintiff became aware that Defendant's latest data extracts in Kentucky had errors. Plaintiff immediately contacted Defendant to request that Defendant correct the errors. Defendant initially and generally responded to Plaintiff's concerns on September 28, 2022. This was the last contact between Plaintiff and Defendant, despite Plaintiff's continued efforts.

15. Plaintiff has made attempts to reach out to its contacts with Defendant and all such attempts have been unsuccessful. Further, the general phone line listed on Defendant's website has been disconnected.

16. Upon information and belief, Defendant stopped paying its employees and contractors in September of 2022.

17. Because of Defendant's lack of communication and inability to fulfill its duties under the Agreement, Plaintiff sent a letter to Defendant on November 18, 2022, demanding the immediate return of all PHI and data provided or used under the Agreement, pursuant to Section 9.2 and 10.4 of the Agreement and Section 3(k) of the BAA. A true and correct copy of this demand letter is attached hereto as **Exhibit C**.

18. To date, Plaintiff has not received a response from Defendant, nor any assurances that Defendant has destroyed all PHI and other data in Defendant's possession under the Agreement and the BAA.

19. Under these circumstances, Defendant's refusal to return or verify the destruction of the PHI or other data in its possession not only violates its express contractual obligations to Plaintiff, but also may place the security and confidentiality of that PHI or other data at risk, to the potential detriment of the privacy and data security interests of hundreds of thousands of individual patients.

20. Absent return or confirmation of destruction of the implicate PHI or other data, Defendant's potential retention of PHI, for which it no longer has any legitimate or legally authorized use, puts Plaintiff at potential risk of claimed liability for penalties under HIPAA, as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH Act") and implementing regulations, in the event Defendant discloses or makes any use of such PHI.

21. As amended by the HITECH Act, HIPAA now makes the business associates of HIPAA covered entities independently subject to HIPAA requirements for the protection of PHI, and potentially liable for civil penalties in the event of unauthorized disclosure or use of PHI such business associates are responsible to protect. The data that Defendant is obligated to return to Plaintiff (or, if necessary as an alternative, destroy) includes PHI of hundreds of thousands of individuals.

22. Interim Final Rules under HIPAA and the HIPAA Regulations, published October 30, 2009, established progressive tiers of severity of sanctions for HIPAA violations. Those rules make covered entities and business associates potentially liable for penalties of $100 or more for each violation, even where the entity to be sanctioned did not knowingly violate HIPAA or the HIPAA regulations or have knowledge that a violation was occurring.

23. Defendants' unauthorized disclosure or use of the PHI it received from Plaintiff could potentially subject Plaintiff to liability in an amount that may be calculated by multiplying hundreds of thousands of individual PHI records by an amount no less than $100 per violation.

24. To safeguard the implicated PHI and protect Plaintiff from potential liability for Defendant's improper use or disclosure of that PHI, it is therefore critical that Defendant immediately return all PHI Plaintiff provided to Defendant, or confirm destruction of that PHI.

## COUNT I

### DECLARATORY RELIEF

25. Plaintiff fully incorporates by reference the allegations in Paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

26. The Declaratory Judgment Act expressly authorizes this Court to declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Also, such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

27. Plaintiff requests that this Court issue a declaration to terminate the uncertainty or controversy giving rise to this proceeding.

28. Plaintiff seeks a declaration that Defendant is obligated immediately to return to Plaintiff (or verify the destruction of) all Confidential Information, including PHI, that Defendant acquired as a result of its relationship with Plaintiff, as required by the Agreement and the BAA.

29. Entry of this declaratory judgment is necessary and appropriate to avoid the risks and uncertainty arising out of the controversy between Plaintiff and Defendant, and to promptly protect against the potential disclosure or unauthorized use of PHI stemming from Defendant's unauthorized retention of the data.

30. Pursuant to Fed. R. Civ. P. 57, Plaintiff hereby seeks a hearing on its request for declaratory relief.

## COUNT II

### INJUNCTIVE RELIEF

31. The allegations contained in paragraphs 1 through 30 above are incorporated by reference as through fully set forth herein.

32. Under Rule 65 of the Federal Rules of Civil Procedure, this Court should enter a temporary restraining order requiring Defendant to return all PHI and other data in its possession as a result of its contractual relationship with Plaintiff and verify the destruction of all PHI and other data that cannot be returned. Thereafter, Plaintiff requests a preliminary injunction which continues the terms of the temporary restraining order.

33. Plaintiff is suffering and will continue to suffer immediate and irreparable harm as a proximate result of Defendant's wrongful conduct. Plaintiff's harm is not entirely susceptible to compensation, and therefore there is no adequate remedy at law. Defendant's wrongful actions have caused irreparable harm and will continue to do so unless restrained.

34. The threatened injury to Plaintiff outweighs any injury to Defendant caused by an order of the Court granting injunctive relief. In addition, the granting of injunctive relief to Plaintiff will serve the public interest and the privacy interests of uninvolved third-party individuals, by enforcing compliance with HIPAA, a federal law enacted to protect the individual privacy of patients. Plaintiff requests that this Court enter a temporary restraining order, as well as a preliminary and then permanent injunction requiring Defendant immediately to return to Plaintiff or to verify the destruction of all PHI and data that Defendant acquired or generated as a result of its relationship with Plaintiff. If Defendant is made to verify the destruction of the aforementioned PHI and data, Plaintiff requests that the Court mandate that Defendant do so by filling out the form attached hereto as **Exhibit D**.

35. The TRO, if entered *ex parte*, should be made to expire at the sooner of 14 days from its entry or at the conclusion of a hearing on Plaintiff's request for a preliminary injunction.

**WHEREFORE, PLAINTIFF prays for judgment against Defendant as follows:**

a. On Count I: a declaration that Defendant is legally obligated to return and/or to verify destruction of all Confidential Information, including all PHI, Defendant acquired and/or generated during its relationship with Plaintiff, as required by the Agreement and the BAA;

b. On Count II: preliminary and permanent injunctions directing Defendant to return and/or verify destruction of all Confidential Information that Defendant acquired or generated during its relationship with Plaintiff; and

c. All other relief, in law and in equity, to which Plaintiff may be entitled.

Dated this the 9th day of December 2022.

          Respectfully submitted,

          POLSINELLI PC

          */s/ Adam D. Chilton*
          Adam D. Chilton
          TX State Bar No. 24092255
          POLSINELLI PC
          2950 N. Harwood, Suite 2100
          Dallas, Texas 75201
          Telephone: (214) 661-5515
          Facsimile: (214) 279-2335
          adam.chilton@polsinelli.com

          and

          Andrew Ennis (*pro hac pending*)
          900 West 48th Place, Suite 900
          Kansas City, Missouri 64112
          Telephone: (816) 753-1000
          Facsimile: (816) 753-1536
          aennis@polsinelli.com

          *Counsel for Plaintiff CommonSpirit Health*

## **VERIFICATION**

    **I, Matthew Watson**, verify under penalty of perjury under the laws of the United States of America that the foregoing Verified Original Complaint and Request for Temporary Restraining Order, and Preliminary and Permanent Injunctive Relief and the facts set forth therein are true and correct and that I am duly authorized to sign this Complaint on behalf of CommonSpirit Health.

<br>

                                                                        Matthew Watson
                                                                        System Corporate Counsel
                                                                        CommonSpirit Health

Date:_____

87096857.4