IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **COMMONSPIRIT HEALTH,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:22-CV-2750-L** |
| **EMERGE CLINICAL SOLUTIONS, LLC,** | § § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

On December 12, 2022, the court ordered Plaintiff Commonspirit Health ("Plaintiff") to serve its Complaint (Doc. 1) and the court's order (Doc. 5) on Defendant Emerge Clinical Solutions, LLC ("Defendant"). Doc. 5. The court's order directed Defendant to respond to Plaintiff's temporary restraining order ("TRO") request within seven days of service, and ordered Plaintiff to inform the court in writing regarding the date and manner in which service was effected. *See* Doc. 5. Plaintiff complied and filed a Notice of Service of Verified Complaint and Order that established service Defendant's registered agent, Brian F. Feld. Doc. 6. Plaintiff filed the return of service from its process server on December 20, 2022, which confirmed that Defendant's registered agent was served December 13, 2022. Doc. 9. Per the court's order, Defendant was ordered to respond no later than December 20, 2022, and has failed to do so.

Plaintiff filed its Complaint on December 9, 2022, against Defendant for breach of contract, and seeks an order of declaratory judgment and injunctive relief in the form of a TRO, preliminary, and permanent injunction. *See* Doc. 1. In the Complaint, Plaintiff asserts that Defendant violated a contractual agreement to archive and process Plaintiff's Protected Health Information ("PHI")

of its hundreds of thousands of patients, and now is unreachable despite Plaintiff's multiple attempts to contact Defendant. *Id*. at 2-4.

After considering the request for TRO, the Complaint, and Plaintiffs' evidence, the court **grants** Plaintiff's request for TRO.

## I.   Legal Standard for Injunctive Relief

There are four prerequisites for the extraordinary relief of a TRO or preliminary injunction. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the [TRO or preliminary] injunction [are] not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction [or TRO] will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (en banc). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet any of the four requirements, the court cannot grant the TRO or preliminary injunction.

## II.   Discussion

Plaintiff has satisfied Rule 65(b)(2)'s procedural requirements for issuance of a TRO, and, for the reasons that follow, the court determines that it has met its burden of establishing all of the requirements for a TRO.

### A.   Substantial Likelihood of Success on the Merits

The verified allegations in Plaintiff's Complaint establish that there is a substantial likelihood that Plaintiff will succeed on the merits of its breach of contract claim. Plaintiff alleges

that it transmitted a database of electronic health records to Defendant as required under the parties' Hosted Software and Services Agreement and related Business Associate Agreement, which defined the parties' obligations with respect to the protection of confidential health information; that Defendant appears to be a defunct corporation and has not responded to Plaintiff's requests to destroy or return all PHI, in violation of the Business Associate Agreement. Doc. 1 at 2-4.

    B. <u>Substantial Threat of Irreparable Harm</u>

Plaintiff has established that, unless enjoined, Defendant will continue to hold the PHI in violation of its contractual duties, creating a risk of detriment to the privacy and data security of the confidential PHI of hundreds of thousands of individual patients; such a data breach has no adequate remedy at law. *Id*. at 4, 7. Plaintiff alleges that if Defendant is allowed to refuse to return or verify the destruction of the PHI or other data in its possession, Plaintiff is at risk of liability for penalties under the Health Insurance Portability and Accountability Act ("HIPAA") and its implementing regulations related to PHI management and storage. *Id*. at 4-5. Further, because HIPAA, as amended by the Health Information Technology for Economic and Clinical Health Act, makes business entities like Plaintiff independently subject to the HIPAA regulations for PHI data protection and imposes penalties of $100 or more for each violation, Plaintiff is potentially liable for penalties for each of its hundreds of thousands of individual patients. *Id*. at 5.

    C. <u>Threatened Injury and Public Interest</u>

Plaintiff contends, and the court agrees, that the balance of equities here favors Plaintiff, as neither Defendant or the public will be harmed by the injunctive relief sought by Plaintiff. Further, the threatened harm to Plaintiff and its many patients outweighs any threatened harm to Defendant, who will be required to simply destroy or return PHI data, and then verify the same.

The public interest will also be served by ensuring Defendant's performance under the parties' contractual agreement, as the public expects parties to honor their contractual obligations.

In the Complaint, Plaintiff did not offer a suggested amount for posted bond. To comply with the security requirement of Rule 65(c) and to ensure that Defendant will be compensated for any potential harm caused by entry of an improper TRO and responding to such with reasonably attorney's fees and court costs, the court will require Plaintiff to post a bond.[*]

### III. Conclusion and Temporary Restraining Order

For the reasons stated and those that follow, the court **grants** Plaintiff's request for a TRO. Accordingly, the court **enters** this temporary restraining order and **orders** as follows:

1. Defendant Emerge Clinical Solutions, LLC, along with its attorneys, partners, associates, agents, servants, employees, representatives, officers, and assigns; and all others under its control or in active concert or participation with it, and all other persons and entities having actual knowledge hereof be, and the same hereby are, temporarily **ENJOINED** and **ORDERED** to: (a) return all PHI and other data in its possession as a result of its contractual relationship with Plaintiff; (b) verify the destruction of all PHI and other data that cannot be returned; and (c) complete and return to Plaintiff the Certificate of Return or Destruction of Protected Health Information (Exhibit D to the Complaint, Doc. 1-4).

2. This order is specifically **conditioned** upon Plaintiff's filing a bond with the Clerk of this Court in the amount of **$1,500**, to secure the payment of such costs and damages, as may be incurred or suffered by Defendant in the event the destruction and return of PHI or Plaintiff's request for destruction and return of PHI order is found to be wrongful.

---

[*] Federal Rule of Civil Procedure 65(c) states that a "court may issue a preliminary injunction or a temporary restraining order only is the movant gives security in the amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

**Memorandum Opinion and Order and Temporary Restraining Order – Page 4**

This order is issued on the court's findings that Defendant will continue to wrongfully retain PHI in violation of its contractual obligation. If, as alleged, Defendant fails to return the PHI data, Plaintiff and its hundreds of thousands of patients would likely suffer irreparable harm from a data breach.

The court plans to rule on the written submissions and will not hold a hearing unless one is requested by the party. Any written response to Plaintiff's request for a preliminary injunction that Defendant wishes the court to consider **shall** be filed no later than **December 30, 2022**. Pursuant to Federal Rule of Civil Procedure Rule 65(b)(1), the court **enters** this Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("Order"), which **shall be effective starting at 12:01 a.m. on December 24, 2022, and continuing through January 6, 2023**, upon the posting by Plaintiff of a bond in the amount of **$1,500**.

**It is so ordered** this 23rd day of December, 2022.

*[Signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge